(158 App. Div. 485.)

SMITH v. LUCKENBACH et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1913.)

1. PLEADING (§ 239*)—AMENDMENT—TERMS—JURISDICTION OF TRIAL COURT.
    Where defendants applied to withdraw a juror, for the purpose of applying for leave to amend their answer by alleging a new defense, the trial court, on granting the motion and imposing the payment of certain fixed costs, had no jurisdiction to order that the costs fixed included those that should be awarded by the Special Term as a condition to granting leave to amend.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

2. PLEADING (§ 239*)—ANSWER—AMENDMENT—TERMS—COSTS.
    Where defendants apply for leave to withdraw a juror, so as to apply for leave to amend the answer, such leave should only be granted on payment of full costs, though the order granting leave to withdraw a juror provided that the testimony taken on the trial, or all previous trials, might be read in evidence on any subsequent trial by either party without recalling the witnesses.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Mary Smith, as administratrix, etc., against Edgar F. Luckenbach and others. From part of an order granting defendants' application to withdraw a juror and apply to the Special Term for leave to amend their answer on terms, plaintiff appeals. Modified and affirmed.

See, also, 155 App. Div. 451, 140 N. Y. Supp. 292.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Alfred C. Cowan, of Brooklyn, for appellant.

William L. O'Brion, of New York City, for respondents.

RICH, J. Upon the trial of this action at a Trial Term, and after all of the evidence of the plaintiff had been received, the defendants' motion for leave to withdraw a juror for the purpose of permitting them to apply to the Special Term for leave to amend their answer by alleging a new defense was granted—

"upon condition that they [defendants] pay to the plaintiff $30, trial fee, and the witness fees of the plaintiff on this trial, and upon the further condition that the evidence taken upon this and all the previous trials herein may be read in evidence upon any subsequent trial by either party, without calling the witnesses, and with the same force and effect as if the witnesses were actually called and testified; and it is further ordered that these terms be inclusive for leave to amend the answer."

[1] This appeal is from the latter clause of the order, and also from an order denying plaintiff's motion to resettle this order. I think the learned trial court exceeded his power when he undertook to fix the amount of costs that should be awarded by the Special Term. But even if the learned trial court possessed the power, the order should have to be modified. The rule frequently enforced in this court is that, upon the facts presented, leave to amend should only be granted upon payment of full costs. Palazzo v. Degnon-McLean Contracting Co., 115 App. Div. 172, 100 N. Y. Supp. 682; Woolsey v. Brooklyn Heights R. R. Co., 129 App. Div. 410, 113 N. Y. Supp. 245; Audley v. Townsend, 131 App. Div. 79, 115 N. Y. Supp. 145; Carpenter v. Atlas Improvement Co., 132 App. Div. 112, 116 N. Y. Supp. 454.

[2] The appellant argues that this case is not within the rule cited, for the reason that the order permitted the plaintiff to read on any subsequent trial any testimony taken on former trials. The answer to this is that that right is not limited to the plaintiff, but is also secured to the defendants.

That part of the order of April 7th from which the appeal is taken must be reversed, with $10 costs and disbursements, and the order modified, by striking therefrom the words:

"Ordered that these terms be inclusive for leave to amend the answer."

The original order having been modified, the appeal from the order of May 20, 1913, should be dismissed, without costs. All concur.